UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JUAN OSMIN CATELLANOS,

        Petitioner,

                 **OPINION & ORDER**
                 CV-08-2583

 -against-


MICHAEL B. MUKASEY, Attorney General
of the United States, MICHAEL CHERTOFF,
Secretary of the Department of Homeland
Security, SCOTT WEBER, U.S. I.C.E. Field
Office Director for the District of New Jersey,
and EDMOND C. CICCHI, Warden of the
Middlesex County Adult Correction Facility,
New Brunswick, New Jersey,

        Respondents.
---------------------------------------------------------- X
FEUERSTEIN, J.

  On June 26, 2008, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging (1) a removal order of an Immigration Judge dated June 23, 2008, and (2) his conviction and sentence in the United States District Court for the Western District of Texas in August 2005 for illegal re-entry. By order dated July 9, 2008, the branches of the petition challenging the removal order and seeking a stay of petitioner's removal to El Salvador were, in effect, severed and transferred to the United States Court of Appeals for the Second Circuit pursuant to the REAL ID Act of 2005, 8 U.S.C. § 1252. Petitioner now seeks his release from custody on bail or recognizance. For the reasons set forth herein, the proceeding is transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631.

1

I. BACKGROUND

   A. Factual Background

The following facts were taken from the petition and do not constitute findings of fact by the Court:

Petitioner is a citizen of El Salvador who came to the United States, "without inspection," in 1987 and resided in Central Islip, New York thereafter. (Petition [Pet.], ¶ 11). On August 29, 1995 petitioner was convicted in New York State Supreme Court, County of Suffolk of rape in the third degree, for which he was sentenced to a determinate term of imprisonment of thirty (30) days to be followed by a period of five (5) years probation. (Pet., ¶ 12). On or about April 5, 2000, Judge Alan Vomacka ordered that petitioner be removed from the United States. (Pet., ¶ 21). On or about March 19, 2005, petitioner was deported to El Salvador. (Pet., ¶ 12).

On August 12, 2005, petitioner illegally re-entered the United States, purportedly "in flight and fear for his life," after he witnessed an alleged political assassination and was identified and shot at by the assassins. (Pet., ¶ 13). On that same date, petitioner was taken into custody of the Immigration and Customs Enforcement (ICE) in El Paso, Texas based upon his illegal re-entry and was served with a "Notice of Intent/Decision to Reinstate Prior Order," advising him that, in accordance with Section 241(a)(5) of the Immigration and Nationality Act (INA) and 8 C.F.R. § 241.8, the Attorney General intended to reinstate the prior order of removal issued by Judge Vomacka.[1]  (Pet., ¶ 15, Ex. C).

---

[1] Section 241(a)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(5), provides: "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the

On December 8, 2005, petitioner was convicted in the United States District Court for the Western District of Texas, El Paso Division, upon his plea of guilty, of illegal re-entry into the United States in violation of 8 U.S.C. § 1326. (Pet., ¶ 16, Ex. F). On February 27, 2006, petitioner was sentenced to the custody of the United States Bureau of Prisons for a determinate term of imprisonment of thirty-seven (37) months and to a term of non-reporting supervised release of three (3) years. (Pet., ¶ 16, Ex. F). Petitioner was released on April 16, 2008 into the custody of the United States Department of Homeland Security (DHS) pursuant to a detainer. (Pet., ¶ 17). Petitioner has remained in DHS custody since that date pursuant to 8 U.S.C. § 1231(a)(2), which authorizes the detention of aliens awaiting removal. (Pet., ¶ 22).

On June 2, 2008, at petitioner's request, a Reasonable Fair Hearing (RFH) was held on petitioner's application for protection from removal to El Salvador at the Newark, New Jersey Immigration Court. (Pet., ¶ 18, Ex. F). By decision dated June 4, 2008, Immigration Officer (IO) James Hutchinson denied petitioner's request for withholding or deferral of removal, finding that petitioner was not able to establish that he would have a reasonable fear of persecution or torture if he were to return to El Salvador. (Pet., ¶ 19, Ex. F).

Thereafter, a hearing was held on June 18, 2008, at petitioner's request, before Immigration Judge Margaret Reichenberg at the Newark, New Jersey Immigration Court. (Pet., ¶ 20). Judge Reichenberg affirmed the IO's decision denying petitioner's application for protection from removal on the basis that petitioner "has not established a reasonable possibility

---

alien shall be removed under the prior order at any time after the reentry."

that he/she would be persecuted on the basis of * * * his/her political opinion, or a reasonable possibility that he/she would be tortured in the country of removal," and ordered that petitioner be returned to DHS custody for removal from the United States. (Pet., Ex. A).

B. Procedural History

On June 26, 2008, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and sought a stay of his removal from the United States pending determination of his claims. Petitioner claims that his continued detention and removal contravenes the Treaty and Convention on Torture and deprives him of substantive and procedural due process, and that the denial of his request for a RFH in August 2005 deprived him of due process. (Pet., ¶¶ 48-54). Petitioner seeks immediate release from custody, an injunction enjoining his further detention and removal, and attorney's fees and costs.

By order dated July 9, 2008, the branches of petitioner's petition seeking review of the removal order and a stay of his removal to El Salvador were transferred to the United States Court of Appeals for the Second Circuit pursuant to 8 U.S.C. § 1252, which divests this Court of jurisdiction over those claims. Thus, only petitioner's claims seeking release from detention remain *sub judice* in this Court.

On July 15, 2008, respondents filed their response to the petition, asserting that this Court lacks jurisdiction to consider petitioner's remaining claims since petitioner is currently detained at the Hudson County Jail (HCJ) in Kearney, New Jersey and this Court lacks territorial jurisdiction over the warden of the HCJ. According to respondents, petitioner's remaining claims should be transferred to the United States District Court for the District of New Jersey.

4

On August 12, 2008, petitioner filed an application seeking his release from custody on bail or recognizance pending the outcome of his habeas petition. Respondents oppose petitioner's application on the basis that this Court lacks subject matter jurisdiction over the petition.[2]

II.   DISCUSSION

The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over" the petitioner. 28 U.S.C. § 2242; see also 28 U.S.C. § 2243 (providing that the writ of habeas corpus "shall be directed to the person having custody of the person detained"). "[G]enerally [there is] only one proper respondent to a given prisoner's habeas petition. This custodian, * * * is 'the person' with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). In Padilla, the Supreme Court held that with respect to "core" habeas petitions, i.e. those challenging the petitioner's present physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." 542 U.S. at 435, 124 S.Ct. 2711.[3] This is known as the "immediate

---

[2] On August 16, 2008, petitioner moved to expedite his motion for release on bail. That motion was granted to the extent that a hearing was scheduled on petitioner's bail motion for September 9, 2008. However, in light of the determination herein that this Court lacks subject matter jurisdiction, the hearing was cancelled.

[3] Although the Supreme Court in Padilla expressly declined to resolve the issue of whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation, 542 U.S. at 435, n. 8, 124 S.Ct. 2711, that case was decided prior to the enactment of the REAL ID Act of 2005, 8 U.S.C. § 1252, which provides that the respondent in a petition challenging an order of removal is the Attorney General. 8 U.S.C. § 1252(b)(3)(A).

custodian rule." Id. at 436, 124 S.Ct. 2711.

Petitioner's application for bail is clearly a challenge to his present physical custody. See, e.g. Azize v. Bureau of Citizenship and Immigration Service, No. 04 Civ. 9684, 2005 WL 3488333, at * 1 (S.D.N.Y. Oct. 7, 2005) (holding that Padilla was applicable to petitioner's application for release from detention on bail while his petition to overturn the removal order was pending, since the application for bail is clearly a challenge to the petitioner's present physical custody). Moreover, the transfer to the Second Circuit of petitioner's challenge to the removal order left only a "core" habeas petition, i.e. petitioner's remaining claims, challenging the lawfulness and constitutionality of his continued detention, are challenges to his present physical confinement.[4] See, e.g. Washington v. District Director, I.N.S., No. 04 Civ. 3492, 2005 WL 2778747, at * 2 (S.D.N.Y. Oct. 19, 2005); Barnes v. U.S. Immigration and Customs

---

[4] Petitioner's counsel expressed his "surprise," that respondents would now challenge the jurisdiction of this Court when they purportedly consented to the jurisdiction of the Second Circuit over his claims challenging the removal order. (Reply Affirmation in Support of Habeas Corpus Petition, ¶ 3). Petitioner's counsel apparently overlooks the distinction between "core" claims for habeas relief, in which the only proper respondent is the warden of the facility having custody of petitioner at the time the petition is filed, and claims challenging the underlying removal or deportation order, which are governed by the REAL ID Act of 2005, 8 U.S.C. § 1252, and in which the Attorney General is the proper respondent, see, 8 U.S.C. § 1252(b)(3)(A). Thus, it is not "surprising" that jurisdiction would be vested in two different courts in "mixed" petitions challenging both the underlying removal order and the petitioner's continued detention. Indeed, it is not unusual for the claims to be severed and transferred to different courts in such cases. See, e.g. Azize, 2005 WL 3488333, at * 1; Washington, 2005 WL 2778747; Barnes, 2005 WL 1661652, at * 2.

Moreover, petitioner's attempt to distinguish Padilla on the basis of its language regarding concurrent jurisdiction, 542 U.S. at 443, 124 S.Ct. 2711, is misplaced, (Jurisdictional Argument of Petitioner, pp. 5-8), since concurrent jurisdiction only pertains to applications for a writ of habeas corpus made by persons in custody "under the judgment and sentence *of a State court* of a State which contains two or more Federal judicial districts * * *." 28 U.S.C. § 2241(d) (emphasis added). In fact, it is noteworthy that petitioner cites to no statute or case law at all in support of his "jurisdictional argument."

6

Enforcement, No. 05-CV-370, 2005 WL 1661652, at * 2 (E.D.N.Y. July 14, 2005). Since petitioner is currently detained at the HCJ in Kearney, New Jersey, the warden of that facility is the only proper respondent with respect to petitioner's bail application and remaining claims.

The language in the federal habeas statute that a writ of habeas corpus "may be granted by * * * the district courts * * * within their respective jurisdiction," 28 U.S.C. § 2241(a), has been interpreted by the Supreme Court to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." Padilla, 542 U.S. at 442, 124 S.Ct. 2711 (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)). Thus, with respect to "core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443, 124 S.Ct. 2711. This is known as the "district of confinement" rule. Id. at 443-444. Since the warden at the HCJ is the custodian of plaintiff and is the only proper respondent, jurisdiction over petitioner's bail application and his remaining claims lies only in the United States District Court for the District of New Jersey, which is the district of petitioner's confinement.

In sum, "[w]henever a Section 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447.

When a petition is filed in a court that does not lie in the same district as the place where the petitioner is confined, the petitioned court may transfer the petition to the appropriate court in the interest of justice pursuant to 28 U.S.C. § 1631.[5] See Paul v. I.N.S., 348 F.3d 43 (2d Cir.

---

[5] 28 U.S.C. §1631 provides, in pertinent part, that "[w]henever a civil action is filed in a court * * * and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action * * * to any other such court in which the action * * *

2003). Accordingly, it is appropriate to transfer petitioner's bail application and remaining claims, i.e. those claims not previously transferred to the United States Court of Appeals for the Second Circuit, to the United States District Court for the District of New Jersey.[6] See, e.g. Azize, 2005 WL 3488333, at * 1.

III. CONCLUSION

For the reasons set forth herein, this Court lacks jurisdiction over petitioner's bail application and remaining claims. The clerk of the Court is therefore directed to transfer the petition to the United States District Court for the District of New Jersey for further proceedings.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 8, 2008
Central Islip, New York

Copies to:

Robert J. Zysk, Esq.
629 Route 112, Suite 2
Patchogue, New York 11772

---

could have been brought at the time it was filed * * *, and the action * * * shall proceed as if it had been filed in * * * the court to which it is transferred on the date upon which it was actually filled in * * * the court from which it is transferred."

[6] Petitioner's concern that "chaos" would result were venue to be changed every time a detainee is transferred, (Reply Affirmation in Support of Habeas Corpus Petition, ¶ 5(c)), ignores that jurisdiction attaches at the time the petition is filed and is unaffected by any subsequent transfer of custody. See, e.g. Padilla, 542 U.S. at 441, n. 14, 124 S.Ct. 2711.

United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820
Attn: Dione M. Enea, A.U.S.A.